23cv6523

# REMOVAL PROCEEDINGS IN THE MATTER OF:

Jose K. Hernandez-Pineda (Detained)
A# 240-576-805

Enclosed is: **A HABEAS CORPUS TO; OFFICE OF THE CLERK WESTERN DISTRICT OF NY.**

Sign: [signature]      Date: 09-11-2023

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

A# 240-576-805

**Hernadez-Pineda**
*Petitioner,*

V.

**JEFFREY SEARLS**
in his official capacity as
Officer-in- Charge, Buffalo
Federal Detention Facility.

*Respondent*

# VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 u.s. §2241

## INTRODUCTION

1. I am the Petitioner in the case named above, My name is Jose K. Hernandez-Pineda(JHP).

2. Since I have entered the United States(November 11, 2022), I Apply for Asylum to get any legal status in United States.

3. I am currently being detained by the Department of Homeland Security("DHS") at the Buffalo federal Detention facility("BFDF") in Batavia , New York. I have been in Immigration detention since approximately. November 11 , 2022

4. I has served with a Notice to Appear ("NTA") on December 16,2022 charging me with removability based my charge(s) for being an alien present in Unite States who has not been admitted or parole

5. As such, I have been subject to [INA § 236(a)] On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States and by the Attorney General discretion I been held in immigration detention for approximately 10 months while my removal proceedings are pending.

6. Without intervention from this Court, my detention will continue, as my immigration case ongoing.

7. When a person has ongoing immigration proceedings, immigration detention without a bond hearing is considered unreasonably prolonged in violation of the Due process Clause of the Fifth Amendment if such detention exceeds six months.

8. DHS has not yet conducted a bond hearing to determine Whether my continued detention is justified.

9. My immigration detention is unreasonably prolonged because I have been detained for more than six months without a bond hearing, and my detention will continue without a bond hearing unless this Court me relief.

10. Once it is established that immigration detention is unreasonably prolonged, the burden shifts to the government to prove by clear and convincing evidence that my continued detention is warranted either because I an dangerous or because I pose a flight risk.

11. Accordingly, I respectfully request that this court issue a writ of habeas corpus and order the Respondent to release me from their custody because the Respondent cannot establish by clear and convincing evidence that my continued detention is warranted, and continuing to detain me violates my constitutional due process rights under the Fifth Amendment. In the alternative, I respectfully request this Court order a bond hearing where the Respondent bears the burden to prove by clear and convincing evidence that my, continued detention is necessary to prevent flight or danger to the community.

## PARTIES

12. Petitioner, Jose Kelvin Hernandez Pineda is detained at Buffalo Federal Detention Facility.

13 Respondent Jeffrey Searls is sued in his official capacity as the Officer-in- Change of the Buffalo federal Detention Facility, at which Petitioner is currently detained.

## JURISDICTION AND VENUE

14. Jurisdiction is proper under the U.S. Constitution, U.S. CONST. art I § 9,cl.2 ("suspension clause"), and Federal statutes 28 U.S.C. § 1331 (federal question); 28 U.S.C. §2241 (habeas corpus); and 28 U.S.C. § 1651 (ALL WRITS Act).

15. Additionally, this Court has jurisdiction to grant injunctive relief pursuant to the Declaratory Judgement Act, 28 U.S.C. § 2202.

16. Federal District Courts have jurisdiction to hear habeas corpus claims by noncitizens challenging their detention by DHS, *see Demore v. Kim,* 538 U.S.C. 510, 516-17 (2003); *Zadvydas v. Davis,* 533 U.S.C. 678, 687-88 (2001).

17. Furthermore, while 8 U.S.C. § 1226 (e) bars judicial review of the discretionary denial of bond, it does not bar constitutional challenges to the bond hearing process. *see e.g., medley v. Decker,* No. 18-CV-7361 (AJN), 2019WL7374408, at *3 (S.D.N.Y. Dec. 11, 2019) (federal district courts have habeas jurisdiction to hear challenges to constitutional adequacy of bond hearing procedures); see also *Singh v. Holder,* 638 F. 3d 1196, 1202 (9th Cir. 2011) ("[C]Laims that the [bond] process itself was constitutionally flawed are "cognizable in federal court on habeas....") (quoting Gutierrez-Chavez v. INS, 298 F. 3d 824, 829 (9th Cir. 2002)).

18. Venue is proper in the U.S. District Court for the Western District of New York under 28 U.S.C. § 1391 because the Defender is in this District; I am currently being Detained within this District at the Buffalo Federal Detention Facility in Batavia, New York; and a substantial part of the events given rise to the claim in this action took place in this District.

## STATUTORY FRAMEWORK

19. Congress has authorized DHS to mandatory detain noncitizens who are convicted of certain crime without the opportunity for a bond hearing. (28 U.S.C. 1226(c)) and also give the Attorney general the discretion to detain or release other noncitizens under a bond hearing (28 U.S.C. 1226(a)).

20. The statute itself is silent on whether DHS is authorized to detain such noncitizens subject to mandatory detention and for discretionary detention for the entirety of their removal proceeding, regardless of how long such proceedings may take. *see id.*

21. When a person has ongoing immigration proceedings, immigration proceedings without a bond hearing is considered unreasonably prolonged in violation of the Due process Clause of the Fifth Amendment if such detention exceeds six months. *Matos v. Barr*, 509F. Supp. 3d 3, 11 (W.D.N.Y. 2020).

22. There is not required to exhaust requirement for a petition challenging immigration detention. see *Araujo-Cortes v. Shanahan*, 35 F. supp.3d 533,538 (S.D.N.Y.2014)

23. I am not required exhaust administrative avenues to challenge my detention because the statutory authority subjects me to discretionary detention and if the attorney general don't consider my release, as such, does not provide me with any meaningful administrative options with which to challenge my detention. see 8 U.S.C. § 1226(a); see also cave v. East Meadow Union Free Dist., 514 F. 3d 240, 249 (2d Cir. 2008) (" The exhaustion requirement is excused when exhaustion would be futile because the administrative procedure do not provide an adequate remedy.") ( citing Honing v.Doe, 484 U.S 305, 327 (1988).

**LEGAL ARGUMENT**

<u>Procedural due Process Requires that I be Released or, at Minimum, Afforded a constitutionally Adequate Bond Hearing at Which the government must Justify My continued detention.</u>

24. The U.S. Supreme Court's opinion in Zadvydas v. Davis stands for the proposition that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restrain— lies at the heart of the liberty that [ the due Process] Clause protects." 533 U.S. at 690 ( citing *foucha v. Lousiana* 504 U.s 71, 80 ( 19920. The fifth Amendment's Due process Clause forbids the federal government from depriving any " person...of... liberty... without due process of law." U.S. CONST. amend. v. prolonged detention requires due process protections for individuals, even those whose " presence in this country is unlawful". *Plyler v. Doe,* 457 U.S. 202,210 (1982). Thus,as the Court noted,"[a] statute permitting indefinite detention of [ a noncitezen] would raise a serious constitutional problem' **Zadvydas,** 533 at 690.

25. by subjecting noncitezen like myself to immigration detention without a bond hearing under the discretion of the Attorney General, detention 8 U.S.C. §.1226(a) and 8 U.S.C. § 1226(c), permits indefinite,detention thus raising the very serious constitutional problem that the court had cautioned against in *Zadvydas*.

26 although the Supreme Court ruled in Demore that mandatory detention pending removal proceeding is not unconstitutional per se, the court left open the question of whether the duration of such mandatory detention is subject to constitutional constraints. such constitutional constraints can be found in the Fifth Amendment of the U.S. constitution which,as the court recognized in *Demore*, " entitle [ noncitizens]to due process of law in deportation proceedings." 538 U.S. at 523 (quoting Reno v. Flores, 507 U.S. 292,306(1993).

27. While the supreme court held in *Jennings v. Rodriguez,* 583 U.S____,138.S Ct.830(2018),that §1226 does not require bond hearing in prolonged detention cases as a matter of statutory construction, it did

not express any view on whether the U.S. constitution itself requires a bond hearing, leaving it to the lower court to address the issue of that process is due when detention is unreasonably prolonged.

**My detention has Become Unreasonably Prolonged**

28. In the wake of *Jennings*, the western District of New York ("WDNY") has develop a two-step inquiry for evaluating procedural due process challenges to prolonged immigration detention. *Hemans v. Searls*, No. 18-CV-1154, 2019 WL 955353, at *5 (W.D.N.Y.feb.27,2019).

29. In the first step of inquiry, the court considers whether the detention has been unreasonably prolonged by weighing several distinct factors. Id If the Court finds that the detention was unreasonable prolonged, it proceeds to step two of the inquiry, which involves identifying what process is due by considering the factors outlined in *Mathews v. Eldridge*, 424 U.S.319,335 (1976) *Hemans*, 2019 WL 955353, at *5., see also *Hechavarria v. Sessions,* No 15-CV-1058 (LJV), 2018 WL 5776421,at *7-9 (W.D.N.Y. Nov 2, 2018) If the government has failed to provide the detained person's continued detention violates procedural due process Hechavarria,2018 WL 5776421 at *8-9.

30. To determine wether one's immigration detention is unreasonably prolonged, court in this district have adopted the following multi-factor test articulated in *Cabral v. Decker*;

> [T]he length of time the petitioner has been detained; **(2)** the party responsible for the delay; **(3)** whether the petitioner has asserted defenses to removal; **(4)** whether the detention will exceed the time the petitioner spent in prison for the crime that made him removable; **(5)** whether the detention facility is meaningfully different from a penal institution for criminal detention,; **(6)** The nature of the crimes committed by the petitioner ; and **(7)** whether the petitioner's detention is near conclusion.

331 F. Supp. 3d 255, 261 (S.D.N.Y. 2018).

31. The first factor, the length of immigration detention, is the most important factor. *Ranchinskiy v. Barr*, 422 F Supp. 3d 789, 797 (W.D.N.Y. 2019) ( quoting *Bermudez Paiz v. Decker*, No. 18-CV-4759 (GHW) (BCM), 2018 WL 6928 794, at * 13 ( S.D.N.Y. Dec. 27 F 2018)

32. Courts in the second Circuit have " generally been skeptical of prolonged detention of removable immigrants, without process, lasting over six months," *Ranchinskiy*, 422 F. Supp. 3d at 797 (quoting *lett v. Decker* 346 F. Supp. 3d 379, 387 (S.D.N.Y. 2018).

33. Moreover, in *Demore*, the supreme court heavily relied on the average length of detention for people detained under § 1226 as support for its constitutionality, reasoning that a six-week detention was the average and that a five- month detention counts as an outlier. 538 U.S at 530.

34. I have been detained since NOVEMBER 11, 2022, and have been detained for over 10 month. since the length of my detention exceeds six months, the first factor weighs in my favor when determining whether my detention has become unreasonably prolonged.

35. the second factor considered is the question of which party is responsible for the detention being unreasonably prolonged. *Cabral*, 331 F. Supp. 3d at 261

36. While a detained person who is found to be "abusing the processes provided to him" would bear the responsibility of their detention being prolonged, a detained person who "simply made use of the statutorily permitted appeals process" cannot be made responsible for his prolonged detention *Hechaverria v. session*, 891 F 3d 49, 56 n.6 (W.D.N.Y. 2018); see also *Hechaverria*, 2018 WL 5776421 at *7

37. An immigration judge, ordered me deported on APRIL 20, 2023,

38. After being denied relief, I appealed my case to the Board of immigration Appeals ("BIA") on approximately MAY 17, 2023.

39. Factor two weighs in my favor as I have made use of the "statutorily permitted appeals process". *Id*

40. Factor three weighs in my favor since I have asserted the following defense(s) to my removal; ASYLUM, WITHHOLDING OF REMOVAL AND CONVENTION AGAINST TORTURE (CAT),

41. Factor four weighs in my favor because the length of my immigration detention 10 months, and is very strong in my behalf for the fact that I never been in prison and/or have any convention(s) in my Record, that made me removal.

42 Factor five weighs in my because my detention at the BFDF is not meaningfully different from detention at a penal institution because it comprises many of the same restrictions that often accompany penal detention, including restrictions on movement and expectation to follow orders of presiding officers.*see Ranchinskiy*, 422 F. Supp. 3d at 799 ( finding absent rebuttal from the government, that detention at the BFDF is akin to criminal incarceration); *Gonzales Garcia v. Barr*, No 6:19-CV-6327-EAW, 2020 WL 525377. at * 15 (W.D.N.Y. feb.3,2020) *enforcement denied on other grounds sub nom. Gonzales Garcia v. Rosen* 513 F. Supp. 2d 329 (W.D.N.Y.2021) ("[t]he reality is that the [BFDF] housing [ noncitezen] against their will with various restriction on their freedom of movement.the facility does not seen meaningfully different from security penal institution for criminal detention"), with terrible condition of confinement as follow; there are cell in BFDF, where they house detainees under lock down for up to 18-19 hours every days. preventing the detainees to really get in contact with they family for all this long with no ways of recreation in the cell this coul be classify as torture.

43. Factor seven weigh in my favor because my case is ongiing.

44. Since a majority of the factor in the multi-factor test weigh in my favor, particularly factor one pertaining to the excessive length of my detention, there is sufficient to conclude that my detention is unreasonably prolonged.

45. Once the court has found that detention is unreasonably prolonged, it moves to the second step of the two-step inquiry, which asks what specific due process rights should be afforded. *Hachavarria*, 2018 WL 5776421 at * 7-9.

**Because My Detention Has Been Unreasonably Prolonged and I'm Being Deprived of a Liberty Interest, Due Process Demands My Release or, at Minimun, That I Receive a Constitutionality Adequate Bond Hearing.**

46. due process demans " adequate procedural protection's" to ensure that the goverment's asserted justification for physical confinement " outweighs the 'individual's constitutional protected interest in avoiding physical restrain'"*Zadvydas*,533 U.S at (quoting *Kansas v Hendricks*, 521 U.S 356 (1997)).

47. In *Mathews v. Eldridge*, the supreme courrt provided a three-factor yest to weigh the constitutionality of administrative procedures; (1) "the private interest that will be affected by the official action";(2)"the risk of an erroneus deprivation of such interst through the procedures used, and the probable value, if any, of additional or substitule procedural safeguards"; and (3)"the Goverment's interest,including the function involved and fiscal and administrative burdens that the addictional or subtitute procedural requirement would entail." 424 U.U. 319, 335 (1976). Each of the *Mathews* factor weighs heavily in favor of release or, at minimum, requiring a constitutionally adequate bond hearing once detention under 8 U.S.C.§ 1226 has become prolonged.

48. First, the importance and fundamental nature of an individual's liberty interest well-established. *see Zadvydas,* 533 U.S. at 690 (" freedom from imprisoment... lies at the heart of [] liberty...."); *cf. Hechavarria,* 2018 WL 5776421 at *8 ("[T]his court finds little difference between Hechavarria's detention and other instances where the goverment seeks the civil detention of an individual to affectuate a regulatory purpose.").

49. Here, the fundamental nature of freedom weighs in favor of my release. I have not criminal sentece or HAVE NOT CRIMINAL CONVICTION in the U.S., and have been detained by respondent for over 10 nonths without any meaning judical review.

50. Second, the risk that my freedom will be erroneously deprived is significan. Crucially, Even I have opportunity to challenge my detention because the statute mandates; the Attorney General have discretion under my detention the Court should grant me the opportunity to challenge said detention and demostate that I am not Aflight risk or danger to the community. see jennings, 138 S. Ct. at 844 (discussing the use of "may [detain]' in the contex of 8 U.S.C. § 1226 and the requirement of detention when de statutes uses 'shall").

51. Furthermore, any internal process at DHS to determinate whether release is warranted is not subjecte to review or challeange. Thus, there is signicant risk of erronues, unwarrantedetention, and the deprivation of my liberty interests. *see e.g., Hechavarria,* 2018 WL 5776421, at *8 ("[G]iven that the statutes precludes any pre-or -post- deprivation procedure to challenge the government's assumption that an immigrant is a danger to the community or a flight risk, it presents a significant risk of erroneous depriving [petitioner] of life an liberty interests."); *see also Chi Thon Ngo,* 192 F. 3d 390, 398-99 (3d Cir. 1999) ("topresume dangeroussness to the community and risk of based solely on his past record (even I dont have Criminal record) does not place [a petitioner] forever beyond redention.

52. Finally, the procedure I propose--namely, requireing that the DHS prove to this Court or, in the alternative, an immigration Judge, that my continued detention is justify--does not meanungfully prejudice the government's interest in detaining dangerous noncitizens during removal proceedings. Instead, it serves just that propose. *see e.g., Hechavarria,* 2018 WL 5776421 at *8 ("The government... contends that it has regulatory interest in [petitioner's] detention pending removal based on his serious criminal history and risk of flight. This Court agreed that both of these interests may well be 'legitimate and compelling.' but those are the very interests that would be addreesed at a detention hearing. So the government's continued assertion that [the petitioner] must be detained because he is dangerous simply begs the question and sggests exactly why a hearing is necessary.") ( internal citations omitted).

53. As the Second Circuit articulate in *velasco lopez v. decker,* once has become prolonged, it is in every one's--the petitioner, the government and the public's --interest for the petitioner to receive a constitutionally adequate custody determitation hearing. *see* 978 F. 3d 842, 857 (2nd Cir. 2020) ("The irony in this is that, in the end , all interested parties prevailed. the govermentt has privailed because it has no interest in the continued incarceration of an individual who it cannot show to be either a flight risk or a danger to his conmunity.[The petitioner] has prevailed because he is no longer incarcerate. And the public's interest in seeing that individuals who need not be jailed are not incarcerate ha been vindicated").

54. in the immigration contex, the only two valid justification for detention are to mitigate the risk of danger to the community and to prevent flight. *see Demore, 538 **U.S.** at* 531 (Kennedy. j., concurring) ("[T]he justification fo 8 U.S.C.§ 1226 is based upon the government's concerns over the risk of flight and danger to the community ")

55. Given the gravity of the liberty deprivation when the government detains individuals, due process requieres that the government bear the burden of proof by clear and convincing evidence for the detaining and individual, particulary after that detention has become prolonged. CF *velasco Lopez v. Decker*, 978 F.3d 842, 856(2d Cir. 2020). (Stating, for an 8 U.C.S.§ 1226(a) prolonget detention claim, it is in improper to allocate the risk or error evenly between the individual and accordingly, we conclude that a clear and convincing evidence standard of proof provides the appropriate level of procedural protection.").

56. Consistent with these principles, the WDNY has found that, where a particular detained person's mandatory detention becomes unreasonably prolonged, due process requires the government to show, by clear convincing evidence, that continued detention is necessary because that detained is a flight risk or is dangerous. *Jules v. Garland*, No 21-CV-6342 CJS, 2021 WL 4973081, at * 7 ( W.D.N.Y. oct. 26, 20210; *See also campbell v. Barr* 387 F suup 3d 286, 300 (W.D.N.Y. 2019) (" To sustain the prolonged detention, the government is requiered, in a full-blown adversary hearing, to convince a natural decisionmaker by clear and convincing evidence that not conditions of release can reasonably assure the safety of the conmunity or any person, or ensure that the [ noncitizen] will appear for any future proceeding. this requires consideration of less restrictive alternatives to detention.") ) internal ciatation and quotation mark omitted); Ranchinkys, 422 F Suup. 3d at 800 ("[B]oth due process and BIA procedent require the IJ to considerer ability to pay and alternative conditions of release in setting bond.").

## CLAIM FOR RELIEF

## COUNT ONE;

## MY ONGOING DETENTION VIOLATES THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT

57. I reallege and incorporate by reference each and every allengation set fort in the proceding paragraphs.

58 Detained people who have been mandatory detained in immigration detention for an unreasonably prolonged period must be realesed absent clear and convincing evidence that the detained person is dangerous or a flight risk, and that no conditions of release can reasonably mitigate that danger or floght risk

59 for these reasons, my continued detention without, at minimun, a constitutionally adequete hearing violates due process.

## PRAYER FOR RELIEF

WHEREFORE, I respectfully pray that Court;

1. Assume jurisdiction over this matter;

2. Grant a writ of Habeas Corpus directing the Respondent to release me from further unlawful detention;

3. Enter preliminary and permanent injunctive relief enjoining Respondent from unlawfully detaining me any further;

4. In the alternative, issue a conditional writ of Habeas Corpus requiring Respondent to provide me with individuallized bond hearing before an neutral aebiter at which respondent must bear the burden of establishing by clear and convincing evidence that my continued detention is justify.

5. Order that in considering my detention, the Court should require the respondent must consider alternative to detention and my ability to pay when setting a monetary bond;

6. Grant such further relief as the Court deems just and proper.

Respectfully Submitted.

*Statement Pursuant to 28 U.S.C. & 1746, I Declare, under the penalty of Perjury under the laws of the United States of America, that the foregoing is True and Correct.*

Notary: [signature]

Date: 09/11/2023

KAYCEE LEIGH EVANS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01EV6413806
Qualified in Genesee County
Commission Expires February 01, 2025

Date 09-11-2023

Jose K. Hernandez-Pineda (Detained)
A#240-576-805
Buffalo Federal Detention Facillity
4250 Federal Drive Batavia, NY 14020

Case 6:23-cv-06523-EAW Document 6-1 Filed 09/27/23 Page 18 of 19
Case 6:23-cv-06523-FPG Document 1 Filed 09/13/23 Page 18 of 19
23-CV-6523-EAW

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**  Jose K Hernadez-Pineda

**DEFENDANTS**  Jeffrey Searls

**(b)** County of Residence of First Listed Plaintiff  _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*      Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☒ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Buffalo Federal Detention

USDC-WDNY
SEP 13 2023
ROCHESTER

Office of the Clerk Western
District of NY,
100 State Street Room 2120
Rochester, NY 14614.

Jose K. Hernandez-Pineda (Detained)
A#240-576-805
Buffalo Federal Detention Facility
4250 Federal Drive Batavia, NY 14020

Retail
US POSTAGE PAID
$0.00
Origin: 14020
09/12/23
3505200020-07

PRIORITY MAIL®
0 Lb 9.00 Oz
RDC 02
C002

DELIVERY DAY: 09/13/23

STATE ST
2120
CHESTER NY 14614-1317

USPS TRACKING® #

9505 5143 7088 3255 7129 18

